**Terry Lee GIALTO, Plaintiff–Appellant,**

v.

**George W. BUSH, et al., Defendants–Appellees.**

No. 07–1877–cv.

United States Court of Appeals,
Second Circuit.

Oct. 14, 2008.

Terry Lee Gialto, Camillus, NY, pro se.

Glenn T. Suddaby, United States Attorney, (Brenda K. Sannes, Paula Ryan, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Northern District of New York, Syracuse, NY, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant appeals *pro se* from an order entered in the United States District Court for the Northern District of New York (DiBianco, *M.J.*), on April 20, 2007, 2007 WL 1200138, which dismissed Plaintiff's action *sua sponte* with prejudice and without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This *pro se* complaint, filed April 2006, alleged that President George W. Bush, along with several former presidents, misappropriated funds belonging to him through various conspiracies relating to the Iran–Contra hearings, the Justice Department's Enron Task Force, and a major league baseball franchise. The district court (Scullin, *J.*) issued an order noting that the complaint was subject to dismissal for lack of federal court jurisdiction, but granted thirty days to amend. An amended complaint, filed June 2006, repeated the same allegations almost verbatim. By order entered September 20, 2006, the district court dismissed the amended complaint for lack of jurisdiction.

Plaintiff did not appeal the dismissal, but rather filed a new action on October 30, 2006. He again appeared *pro se*, but not *in forma pauperis*. The new complaint alleged substantially the same claims, even repeating entire sections from the original complaint under the caption "Original Complaint."

On written consent of the parties, the case was referred to Magistrate Judge Gustave J. DiBianco. *See* 28 U.S.C. § 636(c). After the government moved for a more definite statement, Magistrate Judge DiBianco dismissed the action *sua sponte*, with prejudice and without leave to appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y. Local Rule 5.4(a), on the grounds that the action was frivolous.

Plaintiff now appeals this second dismissal. We review a dismissal pursuant to 28 U.S.C. § 1915 *de novo*. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

Based on our independent review of the record and Plaintiff's pleadings, we see no

error. The complaint lacks any arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (holding that a complaint may be dismissed as frivolous if it "lacks an arguable basis either in law or in fact"). Moreover, the court properly denied Plaintiff leave to amend. "Leave to amend is especially inappropriate where, as here, plaintiffs' proposed amendments merely recycled versions of claims which had already fallen victim to a motion to dismiss." *Bellikoff v. Eaton Vance Corp.,* 481 F.3d 110, 118 (2d Cir.2007).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**